■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL SANTOS, Appellant. — Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Defendant was convicted by a jury of arson in the second degree and was sentenced to an indeterminate term of imprisonment with a maximum of 15 years and a minimum of five years. The evidence against defendant was entirely circumstantial. The testimony at the trial established that defendant and his friend, Modesto Martinez, visited the home of "Chinoman" on the evening of May 22, 1980. According to the testimony of Martinez, Chinoman's wife, Maria, stated that she played a numbers game with Fruto Matos, bet on a number that won, and that Matos refused to pay. At that point, defendant and Chinoman went into another room for 15 minutes. Upon returning, defendant said, "Let's go," to Martinez and also told him that he was "going to get back on account of this number." Martinez replied that he didn't have to and that it was none of defendant's business. Before Martinez left defendant at the corner of Concord Park and North Street, defendant again stated that he was "going to get back to these people for that number." A neighbor who lived in the same building overheard defendant say, "They have to straighten up, straighten out the problem and the money have to appear [sic]" and "The money have to come up [sic]." At approximately 4:00 A.M. on May 23, 1980, defendant visited the Martinez residence. Martinez and defendant went outside and defendant said, "I took care of the money regarding the number." As the two were conversing, fire trucks passed by and defendant said, "Look how they're going." A fire was discovered by a police officer in the building where Matos resided at approximately 4:30 A.M. on May 23, 1980. The officer helped five people escape from the building, one of whom was Matos. John Murphy, an investigator with the Fire Arson Investigation Unit, testified that he eliminated electricity, heating, lighting and spontaneous combustion as possible causes of the fire. To establish defendant's guilt beyond a reasonable doubt on the basis of exclusively circumstantial proof, the hypothesis of guilt should flow naturally from the facts proved and be consistent with them; and the facts proved must exclude to a moral certainty every reasonable hypothesis of innocence (People v Piazza, 48 NY2d 151). The inferences to be drawn from the circumstances must be logically compelling and must not be susceptible to subjective inferential links which elevate coincidence and suspicion into permissible inference (see People v Cleague, 22 NY2d 363). From an examination of the testimony adduced at trial, it cannot fairly be said that the facts from which the inference of defendant's guilt was apparently drawn are inconsistent with his innocence and exclude to a moral certainty every other reasonable hypothesis except guilt (see People v Burdick, 66 AD2d 459). His statements, which are the only evidence linking him to this crime, are equivocal and subject to differing interpretation. Accordingly, they fail to meet the standard required for a conviction based exclusively upon circumstantial evidence. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J. — arson, second degree.) Present — Dillon, P. J., Simons, Hancock, Jr., Denman and Moule, JJ.